413 P.2d 804

The STATE of Utah, Plaintiff and Respondent,

v.

Jimmy Joe RIOJAS, Defendant and Appellant.

No. 10445.

Supreme Court of Utah.

May 2, 1966.

---

1. 15 Utah 2d 145, 389 P.2d 62 (1963).

Jimi Mistunaga, Public Defender, Wm. D. Marsh, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., State of Utah, Ronald N. Boyce, Asst. Atty. Gen., State of Utah, for respondent.

HENRIOD, Chief Justice.

Appeal from burglary and grand larceny convictions in a trial before the court without a jury. Affirmed.

Utah Metal Works was entered after business hours and property having a value supporting grand larceny charge was taken. Next morning an attempt to cash a Utah Metal Works check was made at a local haberdashery. "Lobato" was the presenter. A suspicious salesman refused to cash it, took the license number of the car used by persons whom he described as of Mexican descent, called the police, who traced the car to one Pena, who said that, perhaps drunk, he had loaned the car to Riojas and two others, one of which was Lobato, industrial school escapee, the night before. Peace officers went to Riojas' home, asked him to get in the police car, which voluntarily he did, and which is customary even with traffic violation incidents. He offered no objections and was asked some questions before and after he was taken to the station,—at which time the arrest appears to have occurred. He admitted and confessed to the crime, after being advised he did not have to talk,—although there is some evidence that one of the three police officers, according to *him,* called him a liar.

The admissions and confession were admitted in evidence over objection. The loot, whose theft Riojas had said he was party to, was recovered.

He now says 1) the trial court erred in saying the arrest, without probable cause, was immaterial to the admissibility of his statements at the time of the alleged arrest, and that 2) the trial court erred in listening to extrajudicial statements he made without benefit of counsel.

We think the record does not merit his urgence, but that if peace officers could not proceed as they did in this case, as reflected in the record, the 14th Amendment becomes an instrument that might encourage the hardened criminal to commit whatever he wants to, run to the closest police officer, admit and confess everything,—then hide behind the provisions of the amendment.

We think that Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963), is so far removed from the facts of this case as to be of little assistance.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.